RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 9/16/05
BY ___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 01-50044-01** |
| **VERSUS** | **CIVIL NO. 05-1130** |
| | **JUDGE DONALD E. WALTER** |
| **DERRICK DECARLO PARKER** | **MAGISTRATE JUDGE HORNSBY** |

## O R D E R

Before this Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. #29] filed on behalf of defendant, Derrick DeCarlo Parker, wherein defendant relies on Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005).

Defendant argues that Booker and Blakely should apply retroactively to cases on collateral review, using the Supreme Court's analysis in Schriri v. Summerlin, 124 S.Ct. 2519 (2004). Under Summerlin, a new procedural rule will only be retroactive to cases on collateral review if it is a "watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Summerlin, 124 S.Ct. at 2523 (2004). Defendant argues that the new procedural rule outlined in Booker should be considered one of these "watershed rules." Defendant's Memorandum, p.7.

The Supreme Court elaborated in Summerlin that "this [watershed] class of rules is extremely narrow, and 'it is unlikely that any ha[s] yet to emerge.'" Summerlin, 124 S.Ct. 2519 at 2523 (citing Tyler v. Cain, 121 S.Ct. 2478, 2485, n.7 (2001)). In Tyler, the Court held that "the Supreme Court is the only entity that can 'ma[k]e' a new rule retroactive...simply by the action of

the Supreme Court." 121 S.Ct. at 2482. Because the Supreme Court has not made Booker and Blakely retroactive to cases on collateral review, it is clear that defendant's arguments fail in the present case. See also In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005) (holding that Booker is not retroactive on collateral review for purposes of successive § 2255 motions).

Further, in United States v. Dodd, 125 S.Ct. 2478 (2005), the Supreme Court addressed when the limitation period in 28 U.S.C. § 2255 ¶6(3)[1] begins to run. In explaining the purpose of the second clause of ¶6(3), the Court found that ¶6(3)'s date found in the first clause "does not apply at all if the conditions in the second clause - the right 'has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*' - have not been satisfied." 125 S.Ct. at 2482 (emphasis added).

The United States Supreme Court, in Booker, supra, held that Blakely, supra, applies to the Sentencing Guidelines. However, the Booker Court also determined that their holding would apply to "all cases on direct review." Booker, 125 S.Ct. at 769. Thus, even if the Supreme Court recognized a new right in Booker and Blakely, the Court clearly did not make that "right" retroactively applicable on collateral review. Accordingly, ¶6(3) does not apply to this case. Since no other section of the limitations period applicable to § 2255 motions applies, defendant had one

---

[1]Section 2255, ¶6 provides, in pertinent part:

A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of -

(1) the date on which the judgment of conviction becomes final;

\* \* \*

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .

year from the date of final conviction within which to file his § 2255 motion. See 28 U.S.C. § 2255 ¶6(1).

Defendant's judgment of conviction became final in 2001. His §2255 motion was filed in 2005. As this matter is no longer on direct review and defendant's motion is untimely, see 28 U.S.C. § 2255 ¶6(1), **IT IS ORDERED** that defendant's Motion to Vacate, Set Aside or Correct Sentence [Doc. # 29] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 9 day of September, 2005.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE